[S. F. Nos. 10868, 10869. In Bank.—April 25, 1924.]

THE FAY IMPROVEMENT CO. (a Corporation), Respondent, v. HENRY P. RANKENBERG et al., Appellants.

THE FAY IMPROVEMENT CO. (a Corporation), Respondent, v. HOMESTEAD REALTY CO. (a Corporation), et al., Defendants; ROY H. BARKER et al., Appellants.

[1] STREET LAW—FORECLOSURE OF LIENS—IMPROVEMENT ACT OF 1911 —PLEADING—SUFFICIENCY OF COMPLAINTS.—Complaints in actions to foreclose liens for street work done under the Street Improvement Act of 1911, which allege the adoption by the city council of plans and specifications, and that "All of said work is to be done to the official line and grade in accordance with the said plans and specifications on file with the city clerk," to which plans and specifications reference is made "for further description of the said work and of the locations at which same is to be done and for further particulars," it being further alleged that plaintiff fully performed on his part in every respect the said work according to the specifications and terms of said contract, and that the work was accepted by the superintendent of streets, are sufficient to overcome the objection raised by demurrer that they fail to allege the establishment by the city of an official line and grade and that the work was done to the official line and grade.

APPEAL from judgments of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sawyer & Sawyer for Appellants.

John R. Daniels and J. E. McCurdy for Respondent.

SEAWELL, J.—These actions were brought to foreclose liens for street improvement work done under the order and by the direction of the board of trustees of Daly City, county of San Mateo, as provided by the Street Improvement Act, approved April 7, 1911. (Stats. and Amendments 1911, p. 730.) The same questions of law being

presented by each, they have been consolidated for the purposes of appeal and presented as one cause.

Each complaint contains two causes of action and each cause of action was demurred to on the ground that it failed to state facts sufficient to constitute a cause of action. The specific and only defect or ground of demurrer urged or presented by appellants is that the complaints fail to allege the establishment by said city of an official line and grade; further, that they fail to allege that the work was done to the official line and grade. Said demurrers were overruled. Appellants answered and the court rendered a judgment in each case confirming the validity of the assessment liens imposed upon the property of appellants. The appeals are taken upon the judgment-rolls alone.

The findings of the court are amply supported by the records of the proceedings taken by the board of trustees.

In addition to alleging all necessary jurisdictional matters, the complaints contain the following allegation:

"That on the 12th day of July, 1920, the city engineer of said city of Daly City furnished to and filed with the city council of said city proper plans and specifications for constructing and completing certain public work and improvement in said city of Daly City, which said public work and improvement is hereinafter particularly set forth and described. That thereupon, to wit, on the same day last mentioned, the said city council by its resolution No. 186, duly adopted and approved said plans and specifications, and on the same day, to wit, the said 12th day of July, 1920, the said city council duly and regularly passed and adopted Resolution of Intention No. 19" in words and figures following, to wit: (The resolution in full follows.)

"All of said work is to be done to the official line and grade in accordance with the said plans and specifications on file with the city clerk of said city of Daly City by the city engineer thereof on the 12th day of July, 1920, and which plans and specifications were adopted by the said board of trustees on the 12th day of July, 1920, as the official plans and specifications for said work, and reference is hereby made to said plans and specifications for further description of the said work and of the locations at which same is to be done and for further particulars."

The complaints contain the further allegations that plaintiff commenced the work under its contract and caused the same to be completed as provided in said contract and specifications. The language in this respect is as follows: "That said plaintiff fully performed on his part in every respect the said work, according to the specifications and terms of said contract and with material complying with said specifications, all under the direction and to the satisfaction of the said superintendent of streets, and that the said work was duly approved and accepted by the said superintendent of streets." [1] The complaint contains a number of allegations of the same import as those we have above quoted, and we think it fully meets the objections now made by appellants. That appellants regarded the allegations of the complaint sufficient to put in issue the question of the "official line and grade" is made manifest by their denials and affirmative answers to the effect that no official grade had been established and that the work had not been done to the "official line and grade."

The court, as well as the trustees of said city, upon the evidence presented in each proceeding, found against appellants on the objections above urged, as well as on all other litigated issues.

The plans and specifications are not brought to our attention by the record and as the sufficiency of the same is not attacked it must be presumed that they are regular in all respects and contain the matters to which reference is made by the resolution of intention as set forth in the complaint.

The judgments appealed from are affirmed.

Lennon, J., Waste, J., Lawlor, J., Shenk, J., and Myers, C. J., concurred.